**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| MONICA SPARKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25 C 12819 |
| | ) | |
| TRUIST BANK, | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Monica Sparkman brings this action against Truist Bank (Truist), asserting a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), and breach of contract, based on allegations that Truist reported a May 2025 payment as late and refused to correct the report after she disputed it.[1] The court dismissed her original complaint. (Dkt. 14.)[2] Before the court is Truist's motion (Dkt. 17) to dismiss the first amended complaint (Dkt. 15) for failure to state a claim. Sparkman does not allege that a consumer reporting agency notified Truist of her 2025 dispute, and she filed the first amended complaint before Truist's time to investigate her 2026 dispute expired. She identifies no promise in her cardholder agreement that Truist broke. The court grants the motion.

---

[1] The court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367. Venue is proper pursuant to 28 U.S.C. § 1441(a).

[2] Citations to the docket refer to the document and page numbers assigned by the court's CM/ECF system.

## **BACKGROUND**[3]

In spring 2025, Sparkman sought to improve her credit utilization and credit score to qualify for a $300,000 loan. (Dkt. 15 ¶ 5.) She alleges six payments on her Truist account between April 13 and June 12, 2025. (*Id.* ¶ 6.) Three were returned. (*Id.*) One, a $300 payment made on May 29, cleared on May 30. (*Id.*)

Truist reported to TransUnion, Experian, and Equifax that Sparkman made a late payment in May 2025. (*Id.* ¶ 7.) Her score did not improve, and she could not close on the loan. (*Id.* ¶ 8.) Sparkman disputed the late payment with Truist. (*Id.* ¶ 9.) In a letter dated July 23, 2025, Truist told her that the disputed information was accurately reported and that no changes were necessary. (Dkt. 15-1 at 1.)

Sparkman also alleges that she "believes" she disputed the late payment with a consumer reporting agency at the time. (Dkt. 15 ¶ 10.) On June 19, 2026, she disputed the payment history with TransUnion through the Credit Karma application. (*Id.* ¶ 11.) She alleges on information and belief that TransUnion forwarded the dispute to Truist. (*Id.* ¶ 12.) The late payment remains on her credit reports. (*Id.* ¶ 14.)

Sparkman filed this action in the Circuit Court of Cook County on September 9, 2025. (Dkt. 1-1.) Truist removed it to federal court on October 21, 2025. (Dkt. 1.) On June 11, 2026, the court dismissed the FCRA claim without prejudice because Sparkman alleged only that she disputed the late payment with Truist, not that a consumer reporting agency notified Truist of the dispute. (Dkt. 14 at 4–6.)[4] The court also dismissed with prejudice as preempted her claims under

---

[3] The facts are taken from the first amended complaint (Dkt. 15) and its exhibit. Fed. R. Civ. P. 10(c). For the purposes of the motion to dismiss, Sparkman's well-pleaded allegations are accepted as true. *See Alarm Detection Sys., Inc.* v. *Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (citation omitted).

[4] The court's prior opinion used the term "credit reporting agency." This opinion uses the statutory term, "consumer reporting agency." *See* 15 U.S.C. § 1681a(f). The change is one of terminology only.

the Illinois Consumer Fraud and Deceptive Business Practices Act and for common-law fraud. (*Id.* at 6–8.)

Sparkman filed the first amended complaint on June 25, 2026, six days after contacting TransUnion. It repleads the FCRA claim (Count I) and adds a claim for breach of Truist's Consumer Credit Card Agreement (the Agreement) (Count II).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards* v. *Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in a plaintiff's favor. *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citations omitted). Courts are not bound, however, "to accept as true a legal conclusion couched as a factual allegation." *Cincinnati Life Ins. Co.* v. *Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (citing *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009)). To survive the motion, a complaint must contain enough factual detail, accepted as true, to state a plausible claim and raise the right to relief above the speculative level. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

### I. Count I – FCRA Claim

Duties of a furnisher of credit information under section 1681s-2(b) arise only after it receives notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1); *see also* Dkt. 14 at 4–6. Sparkman relies on two disputes of the same entry to satisfy that requirement.

### A. The 2025 Dispute

Sparkman's belief that she disputed the late payment with a consumer reporting agency in 2025 does not cure the defect the court identified in dismissing her original complaint. The allegation names no consumer reporting agency to which she might have reported and no date of such a report. *See Freeman* v. *Ocwen Loan Servicing, LLC*, 113 F.4th 701, 706–07 (7th Cir. 2024). More fundamentally, it does not allege that any agency notified Truist. Without that allegation, the complaint does not plead that the 2025 dispute triggered Truist's obligations under section 1681s-2(b).

### B. The June 2026 Dispute

Sparkman alleges on information and belief that TransUnion forwarded her June 2026 dispute to Truist. Truist represents that no agency notified it, but that representation is outside the pleadings. The court assumes, without deciding, that Truist received notice. The claim fails even so.

Notice, however, only triggers the duty to investigate. A consumer reporting agency must reinvestigate a consumer's dispute within 30 days of receiving it, a period extendable by up to 15 days if the consumer provides relevant information during that time. 15 U.S.C. § 1681i(a)(1)(A)–(B). A furnisher notified of the dispute must complete its own investigation before that period expires. *Id.* § 1681s-2(b)(2).

Sparkman filed the first amended complaint six days after contacting TransUnion. A furnisher does not violate section 1681s-2(b) by failing to finish, within six days, an investigation that is not due until the consumer reporting agency's 30-day period expires. The first amended complaint does not allege that Truist completed an investigation within that window and verified the reporting. It does not allege any other fact suggesting that Truist acted on the dispute before

June 25. The allegation that Truist "has failed to conduct any reasonable investigation" therefore describes an obligation not yet due. (Dkt. 15 ¶ 13.) It does not permit an inference of more than the mere possibility of a violation. *See Iqbal*, 556 U.S. at 678–79.

Sparkman responds that the 30-day period limits Truist, not her, and that it has since run. The first point is correct as far as it goes: nothing in the statute bars a consumer from suing within the 30-day period. A consumer who sues must still allege a violation, however, and on the theory Sparkman pleads, no violation could have occurred before Truist's time to act expired.

The second point rests on events that occurred after the first amended complaint was filed. A complaint may not be amended by a brief opposing a motion to dismiss. *Car Carriers, Inc.* v. *Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *Agnew* v. *Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). A plaintiff may elaborate on her allegations in briefing if the elaboration is consistent with the complaint. *Geinosky* v. *City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). But the passage of time alone does not say what Truist did after receiving notice, what TransUnion's reinvestigation found, or whether Truist verified the late payment. Count I fails to state a claim.[5]

**II. Count II – Breach of Contract**

Under Illinois law, a breach-of-contract plaintiff must allege (1) a valid and enforceable contract, (2) substantial performance, (3) the defendant's breach, and (4) resulting injury. *Reger Dev., LLC* v. *Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

[5] Truist also argues that the June 2026 dispute cannot have caused the 2025 loss of Sparkman's loan. (Dkt. 18 at 5.) Sparkman did not respond, which ordinarily waives the point. *See Bonte* v. *U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). In reply, Truist argues for the first time that the first amended complaint fails to allege an inaccuracy or an unreasonable investigation. Arguments first raised in reply are forfeited. *Narducci* v. *Moore*, 572 F.3d 313, 324 (7th Cir. 2009). Because Count I fails for the reason stated, the court does not reach either argument.

Truist's opening brief argues that Sparkman had to attach the Agreement under 735 Ill. Comp. Stat. 5/2-606. (Dkt. 18 at 6.) Its reply concedes that the Illinois rule does not govern pleading here. (Dkt. 22 at 4–5.) State pleading requirements do not apply in federal court. *Farzana K.* v. *Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007).[6] Nor must Sparkman plead offer, acceptance, and consideration by name. *See* Fed. R. Civ. P. 8(a)(2). Her allegation that she held a Truist credit card account governed by the Agreement plausibly alleges a contract. (Dkt. 15 ¶¶ 4, 24.)

The claim fails at breach. A breach is the nonperformance of a contractual duty when it is due. Restatement (Second) of Contracts § 235(2) (Am. L. Inst. 1981). A plaintiff need not identify the provision breached, but she must allege facts that plausibly show a breach of some contractual obligation. *Melnick* v. *Betfair Interactive, LLC*, 563 F. Supp. 3d 822, 824 (N.D. Ill. 2021). Sparkman identifies two terms of the Agreement. One requires a cardholder who disputes Truist's credit reporting to call the Truist Contact Center. (Dkt. 15 ¶ 24.) The other permits Truist to report late or missing payments to consumer reporting agencies. (*Id.* ¶ 25.) Neither obligates Truist to do anything. The first imposes a procedure on the cardholder. The second grants Truist a permission. Sparkman's remaining allegation is that the Agreement "does not provide Truist the ability to report false information, nor continue to report false information once a card holder disputes the credit information." (*Id.* ¶ 26.) That alleges the absence of a term, not the presence of one.

[6] Sparkman asserts that Truist's citation to *Ray* v. *CitiMortgage, Inc.* "appears to either be deliberately misleading, or perhaps unverified AI citation." (Dkt. 21 at 2.) *Ray* is a real decision, and it discusses section 2-606 as Truist represented. *See Ray* v. *CitiMortgage, Inc.*, No. 19 C 5484, 2019 WL 6827640, at *1 (N.D. Ill. Dec. 13, 2019). Because Truist now concedes that section 2-606 does not govern pleading in federal court, the court need not address the dispute further.

Sparkman argues that she has alleged "a separate contractual duty on Truist's part to not report false information." (Dkt. 21 at 5.) But the first amended complaint pleads no such term, and her brief identifies none. At its strongest, her argument is that reporting a timely payment as late falls outside the Agreement's scope. That may be. But a permission to report late payments is not a promise to report nothing else. Without a duty, there is no breach, and Count II fails to state a claim.[7]

## CONCLUSION AND ORDER

For the foregoing reasons, the court grants Truist's motion to dismiss the first amended complaint. (Dkt. 17.) Count I is dismissed without prejudice to Sparkman's repleading facts, if they exist, showing that a consumer reporting agency notified Truist of her dispute and that Truist failed to conduct a reasonable investigation within the time the statute requires. Count II is dismissed without prejudice to Sparkman's repleading facts, if they exist, identifying a term of the Agreement by which Truist undertook the duty she alleges it breached. Sparkman may file a second amended complaint by November 19, 2026, and it may include facts arising after June 25, 2026. *See* Fed. R. Civ. P. 15(d). If she does not, the dismissal will convert to a dismissal with prejudice, and the court will enter judgment.

Date: November 5, 2026

Joan H. Lefkow
United States District Judge

[7] Truist argues that amendment would be futile because the FCRA preempts Count II, but it does not contend that every contract claim is preempted. Whether a contract claim is preempted depends on the term the parties agreed to, and Sparkman has identified none. The court need not decide whether 15 U.S.C. § 1681t(b)(1)(F) preempts Count II or whether Sparkman adequately alleges her own performance.